IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAI HUYNH,

      Plaintiff,                     No. CIV S-09-1979 KJM P

   vs.

SUSAN HUBBARD, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed February 9, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

      As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1    In order to avoid dismissal for failure to state a claim a complaint must contain
2  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
3  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
4  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
6  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
7  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
8  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
9  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
10 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
11 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
12 Rhodes, 416 U.S. 232, 236 (1974).

13   Plaintiff's complaint still does not state a claim upon which relief can be granted.
14 Plaintiff alleges he was denied appropriate treatment for tuberculosis, but he fails to allege that
15 any of the defendants he identifies by name actually denied him treatment.  While plaintiff does
16 identify a defendant that denied him treatment as "Doe #2," this action cannot proceed simply
17 against a "doe" defendant because the court has no way to grant plaintiff relief if there is no
18 actual defendant.  If, at some point, plaintiff states a valid claim and a defendant is served,
19 plaintiff could use discovery to attempt to identify his "doe" defendants and then seek leave to
20 file an amended complaint. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

21   With respect to plaintiff's allegations that supervisors failed to properly train
22 medical staff, a supervisor cannot be liable in a § 1983 action against a prison official unless the
23 supervisor is personally involved in a Constitutional deprivation or there is a sufficient causal
24 connection between the supervisor's wrongful conduct and the Constitutional violation. Jeffers
25 v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001).  Plaintiff has not stated facts satisfying either
26 requirement.

1 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The court will dismiss plaintiff's amended complaint and give plaintiff one final attempt to state a claim upon which relief can be granted. The court notes that plaintiff makes a number of allegations concerning grievances he has filed in his amended complaint. It does not appear that any of those allegations, even with supplemental information, can rise to the level of a Constitutional violation. Also, the amended complaint is too long. Plaintiff should make an effort to make his second amended complaint more concise.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's amended complaint is dismissed; and

    2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: May 17, 2010.

_____
U.S. MAGISTRATE JUDGE

huyn1979.14(3.3.10)

4