IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAI HUYNH,

      Plaintiff,                    No. CIV S-09-1979 KJM P

   vs.

SUSAN HUBBARD, et al.,

      Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. By order filed May 18, 2010, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff alleges that in April of 2006, he consented to preventative tuberculosis treatment. Second Am. Compl. ¶¶ 12-14. He claims defendants did not provide plaintiff with required doses, which left plaintiff more susceptible to contracting "active tuberculosis" or "Multi-Drug Resistance Tuberculosis." Id. ¶¶ 15-30. Because he was not receiving all the drugs he alleges he should have, plaintiff stopped taking the medication in October 2006. Id. ¶¶ 26. Plaintiff seeks damages and an injunction for an outside provider to determine whether he has "Multi-Drug Resistance Tuberculosis." Id. at 13.

In the second amended complaint, plaintiff does not allege that he has suffered any injury. The court does not have jurisdiction over claims if a plaintiff fails to allege he has sustained injury or is in immediate danger of sustaining injury. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). Nothing in plaintiff's complaint indicates his condition has developed into "active tuberculosis" or "Multi-Drug Resistance Tuberculosis," that he is in immediate danger of developing either one of those conditions or that any named defendant has actually injured plaintiff in any way that could form the basis of a claim upon which this court

2

1 could grant relief. For these reasons, and because plaintiff has already been given two
2 opportunities to cure the deficiencies with respect to his claims, this action must be dismissed.
3         Accordingly, IT IS HEREBY ORDERED that:
4         1. Plaintiff's amended complaint is dismissed; and
5         2. This case is closed.
6 DATED: December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

---

1
huyn.1979.1(6.14.10)